

U.S. Department

*United States A*
*Southern Distr*

*86 Chambers Street*
*New York, New York*

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** 7/20/2023

July 19, 2023

**VIA ECF**
The Honorable Katharine H. Parker
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

The Court will discuss the matter of discovery sanctions at the upcoming Case Management Conference that is already scheduled on Tuesday, July 25, 2023 at 2:45 p.m.

            Re:    Vadnais v. United States

**SO ORDERED:**

*Katharine H Parker*

**HON. KATHARINE H. PARKER**
**UNITED STATES MAGISTRATE JUDGE**   7/20/2023

Dear Judge Parker:

        This Office represents defendant United States of America (the "Government") in the above-referenced tort action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, arising from a car accident involving plaintiff Carlene Vadnais ("Plaintiff") and a United States Postal Service vehicle. Plaintiff's medical expert, Dr. Jason Arora, failed to complete his deposition on July 17, 2023, in violation of this Court's Order (ECF No. 86). Accordingly, the Government respectfully requests a conference for discovery sanctions to preclude Plaintiff from relying on Dr. Arora's testimony in this action.

        Dr. Arora's deposition was originally scheduled for April 18, 2023. On April 17, at 1:30 p.m., Plaintiff's counsel canceled the deposition, stating that counsel was sick. On April 20, Plaintiff's counsel filed a request to extend the expert discovery deadline to May 22 (ECF No. 77), which the Court granted (ECF No. 78), and the parties rescheduled Dr. Arora's deposition for May 16. However, on May 15, at 2:40 p.m., Plaintiff's counsel canceled the deposition again, stating that Plaintiff's counsel was picking a jury. The Court extended the expert deposition deadline again by Order dated May 23 (ECF No. 80), and counsel rescheduled his deposition for June 28. However, on June 27, at 3:33 p.m., Plaintiff canceled the deposition for a third time, indicating that Dr. Arora was "not available." On July 6, counsel filed a joint request to extend the expert discovery deadline to July 21, to permit the Government's deposition of Dr. Arora on July 17 (ECF No. 85). On July 10, the Court entered an Order granting the extension request and providing that "Plaintiff will be precluded from relying on Dr. Aurora [*sic*] if the deposition does not take place on [July 17, 2023]." Order dated July 10, 2023 (ECF No. 86) (the "Arora Order").

        Meanwhile, on June 29, Plaintiff's counsel advised for the first time that Dr. Arora would only set aside two hours for his deposition. The undersigned responded by email that same day, stating that two hours was not enough time and that the Government did not agree to shorten its deposition time to two hours. *See* Fed. R. Civ. P. 30(d)(1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours.") Later that day, Plaintiff's law firm emailed again stating that Dr. Arora would only sit for a two-hour deposition. On June 30, the undersigned reiterated by email that the Government did not agree to shorten its deposition time and asked when Dr. Arora would be available for the full day. On July 5, Plaintiff's law firm

responded that "you can depose the doctor for more than two hours" but that Dr. Arora "usually schedules in intervals of two hours because he must see patients as well." The undersigned requested a call and followed up by phone on July 6 but was unable to reach counsel, and left a message stating again that the Government required more than two hours and that Dr. Arora should not schedule patients that day. Having received no response, on July 14, the undersigned wrote another email asking for confirmation that Dr. Arora would be available on July 17 for the full day and advising that if he left the deposition early, the Government would move to preclude his testimony pursuant to the Arora Order. No one responded, and when the undersigned spoke with Plaintiff's counsel by phone later that afternoon, he did not object or express any disagreement.

On July 17, Dr. Arora appeared 15 minutes late for his 10 a.m. video deposition and at noon—less than two hours later—announced that he had to leave because 13 patients were waiting in his office to be seen by him. The undersigned advised opposing counsel that the Government would move to preclude Dr. Arora's testimony if he left the deposition. Plaintiff's counsel requested a break, and approximately one hour later, advised that Dr. Arora had to leave the deposition to treat his patients. Counsel suspended the deposition at that time. The Government had only approximately 1.5 hours on the record and was not able to complete its examination.

If a witness "fails to obey an order to provide or permit discovery," the court may "prohibit[] the disobedient party from . . . introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii); see also id. 16(f) (authorizing sanctions under Rule 37(b)(2)(A)(ii)-(vii) for noncompliance with scheduling orders). There are only two basic limitations on a court's "wide discretion" to impose discovery sanctions, Design Strategy, Inc. v. Davis, 469 F.3d 284, 294 (2d Cir. 2006)—the order must be "just" and "relate to the particular claim to which the discovery order was addressed." Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1366 (2d Cir. 1991). Several non-exclusive and non-binding factors guide a court's exercise of discretion, including: "(1) the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." Sentry Ins. a Mut. Co. v. Weber, 720 F. App'x 639, 640 (2d Cir. 2017); S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (factors need not each be satisfied).

The Court also possesses the "inherent power to supervise and control its own proceedings and to sanction counsel or a litigant for . . . disobeying the court's orders." Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc., 301 F.R.D. 31, 38 (S.D.N.Y.), objections overruled, 301 F.R.D. 47 (S.D.N.Y. 2014) (quoting Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013)). When a court "sanction[s] attorneys for conduct not inherent to client representation, such as, violations of court orders or other conduct which interferes with the court's power to manage its calendar and the courtroom," a finding of bad faith is not required. George v. Pro. Disposables Int'l, Inc., No. 15-CV-3385 (RA), 2018 WL 2148762, at *2 (S.D.N.Y. May 1, 2018) (citing United States v. Seltzer, 227 F.3d 36, 41 (2d Cir. 2000)).

After Plaintiff's counsel canceled Dr. Arora's deposition on less than 24 hours' notice three times which necessitated several extensions of the expert discovery schedule, the Court ordered Dr. Arora to appear for his deposition on July 17. The Arora Order specifically warned that if the deposition did not take place on July 17, Plaintiff would be precluded from relying on Dr. Arora's

testimony in this action.  The Government additionally advised Plaintiff's counsel four times in writing that it did not agree to shorten its deposition time to two hours and that Dr. Arora should not schedule patient appointments on the date of his deposition.  Plaintiff did not respond or object to these parameters, nor could she, as the Rules entitle the Government to a deposition of up to seven hours.  See Fed. R. Civ. P. 30(d)(1).  Nevertheless, on July 17, Dr. Arora left his deposition after less than two hours in violation of the Arora Order and the Federal Rules.

Dr. Arora's unjustified last-minute failures to attend his deposition have unfairly impeded the Government's ability to defend this action, see Fed. R. Civ. P. 26(b)(4) (party is entitled to depose adversaries' experts), caused unnecessary delays, and greatly inconvenienced several individuals, including the court reporters, this Office, and Dr. Charla Fischer, the Government's expert spine surgeon, who has been forced to reschedule her deposition and rearrange her professional schedule four times in response to Dr. Arora's cancelations.[1]

Preclusion of Dr. Arora's testimony is a "just" sanction because the Arora Order specifically relates to Dr. Arora's deposition and provides clear and fair warning of the consequences of noncompliance.  See Daval Steel Prod., 951 F.2d at 1366; Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707-08 (1982) (affirming sanction under Rule 37(b)(2) as "just" where party repeatedly failed to comply with discovery orders and its own agreements despite "ample warnings").  Six months is more than enough time to find an agreeable deposition date.  See Embuscado v. DC Comics, 347 F. App'x 700, 701 (2d Cir. 2009) (affirming dismissal of complaint where, inter alia, plaintiff violated discovery orders for three months such that lesser sanctions would be "inappropriate").  And while a finding of bad faith or willfulness is not required, see George, 2018 WL 2148762, at *2 (bad faith not required where sanctionable conduct by Plaintiff's counsel was contrary to his client's interests); Henry v. Miller, No. 11CIV1273PAEHBP, 2019 WL 5865643, at *2 (S.D.N.Y. Sept. 9, 2019), report and rec. adopted, 2019 WL 5865094 (S.D.N.Y. Nov. 8, 2019) (quoting Alexander v. FBI, 186 F.R.D. 78, 88 (D.D.C. 1998)) ("Rule 37(b)(2) does not require a showing of willfulness or bad faith . . ."), bad faith is nonetheless present here in light of Plaintiff's willful disregard of the Court's scheduling orders, see Urbont v. Sony Music Ent., No. 11 CIV. 4516 NRB, 2014 WL 6433347, at *3 (S.D.N.Y. Nov. 6, 2014) (defendant's failure to attend his deposition on date he selected was "willful and deliberate" in light of "last minute" cancelations and sanctions warnings from the court).[2]

The Government has made multiple good faith attempts to accommodate the schedules of both Dr. Arora and Plaintiff's counsel, but this pattern of noncompliance now requires further Court intervention.  Accordingly, the Government respectfully requests that the Court hear these matters at the July 25 conference that is already calendared, or schedule another conference at which the Government will ask for an order precluding Dr. Arora's testimony.  In the alternative, the Government respectfully requests an order directing Dr. Arora to complete the remaining 5.5 hours of his deposition in one sitting, uninterrupted, at Plaintiff's expense, with noncompliance resulting in preclusion.  The Government also requests that Dr. Fischer's deposition, which is scheduled for this Friday, July 21, be held in abeyance pending the outcome of these requests.

---

[1] Because the Government's expert spine surgeon is a rebuttal expert, Plaintiff's expert should be deposed first.  When Dr. Arora's deposition is rescheduled, it requires rescheduling Dr. Fischer's deposition as well.

[2] It is difficult to see how Dr. Arora's testimony would be admissible in any event, given his admission that he did not review medical records that pre-dated the accident relating to Plaintiff's preexisting conditions.  See Fed. F. Evid. 702.

3

I thank the Court for its attention to these matters.

Respectfully,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:     /s/ Carly Weinreb
        CARLY WEINREB
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, NY 10007
        Tel: (212) 637-2769
        Carly.Weinreb@usdoj.gov
        *Counsel for the United States of America*

Cc:     Michael Ma, Esq., *Counsel for Plaintiff* (by ECF)