USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/5/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLENE VADNAIS,

               Plaintiff,

-against-

UNITED STATES OF AMERICA,

               Defendant.

**OPINION & ORDER ON MOTION FOR SANCTIONS**
1:21-CV-0012 (KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

    Defendant the United States of America has moved pursuant to Federal Rule of Civil Procedure 37(b)(2) and the Court's inherent powers to preclude Plaintiff from offering the testimony of her expert, Dr. Arora, because of her failure to comply with multiple Court orders regarding the production of Dr. Arora for deposition. For the reasons discussed below, the motion is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

    This case involves a motor vehicle accident that occurred on October 2, 2019 on the Bruckner Expressway in the Bronx, New York. Plaintiff Carlene Vadnais alleges she was stopped in "bumper to bumper" traffic near Exit 48 when a U.S. Postal Service ("USPS") mail truck, moving at a low speed, hit the back bumper of her car as it was attempting to merge into the left adjacent lane. Plaintiff alleges she suffered injuries to her cervical and lumbar spine and right ankle and foot as a result of the collision. She does not claim any property damage to her car.

1

After commencing this action, Plaintiff filed a claim with the USPS, but the claim was denied because this action had already been filed and because Plaintiff failed to meet the serious injury requirement under New York's no-fault insurance law.

From the start of this case, Plaintiff has failed to participate in discovery in good faith and in compliance with Federal Rule of Civil Procedure 1 and the Court's Individual Rules.  All of the delays in the case have been caused by Plaintiff to the detriment of Defendant.  The Court has shown exceptional patience.  A summary of the procedural history of the case below demonstrates Plaintiff's recalcitrance in this case.

The Court held an initial conference in this case on April 15, 2021 and set November 18, 2021 as a date for completion of discovery.  On September 14, 2021, the parties jointly requested a 60-day extension of the discovery schedule due to unresolved discovery disputes concerning Plaintiff's production of information about prior medical treatment and conditions.  The Court granted the request, extending the deadline to complete fact discovery to November 15, 2021 and to complete expert discovery to January 17, 2022.

On October 25, 2021, Defendant requested a pre-motion conference regarding an anticipated motion to compel.  Specifically, Defendant complained that Plaintiff had failed to authorize release of all pertinent medical information for the five years leading up to the date of the collision, failed to provide information about at least one recent prior car accident and lawsuit arising from that accident, failed to provide information about her car and livery license, and failed to provide contact information for two individuals she identified as passenger witnesses to the incident, among other discovery non-compliance.

The Court held a discovery conference on November 8, 2021 to resolve the dispute and extended the deadline to complete fact discovery to February 11, 2022 and to complete expert discovery to April 13, 2022 to allow Plaintiff additional time to comply with her discovery obligations.

On February 8, 2022, the parties requested a forty-five day extension of fact discovery to allow time to respond to post-deposition requests and for the Defendant to depose two non-party witnesses who were passengers in Plaintiff's car at the time of the collision whose contact information had not been provided by Plaintiff, and whom Defendant was required to track down through the use of an in-house investigator. The Court granted the extension.

On March 28, 2022, Defendant requested another extension of the discovery deadline because Plaintiff still had not provided several authorizations and other information that she was obliged to produce. After discussing Plaintiff's ongoing failure to provide discovery as required and warning Plaintiff at a conference, the Court extended discovery to May 31, 2022.

On May 19, 2022, the parties requested another 60-day extension of discovery because Plaintiff still had not produced all of the required medical authorizations and information regarding her injuries. The Court granted the extension.

At a May 31, 2022 Case Management Conference, Plaintiff's counsel took responsibility for being "too lax" with Plaintiff up until that point, and represented that he had "laid down the law with her" in explaining her discovery obligations in this case. Counsel represented that Plaintiff would be "much more cooperative" moving forward. However, Plaintiff continued to fail to move her case forward, necessitating yet another extension of the discovery deadline to December 7, 2022. The Court set October 7, 2022 for the date of Plaintiff's expert disclosures.

3

On October 7, 2022, Plaintiff requested an extension of the deadline because Plaintiff had not yet appeared for an independent medical exam ("IME"), citing the recent environmental state of emergency in Florida and financial hardship.  The Court granted the request and extended the deadline for Plaintiff to serve her expert report *nunc pro tunc* to January 4, 2023 and for completion of expert discovery to March 15, 2023.

On January 6, 2023, Plaintiff wrote to the Court stating that she had not been able to complete all of her IMEs or serve her expert reports within the deadlines set by the Court.  This necessitated yet another extension of deadlines *nunc pro tunc*.  The Court extended Plaintiff's time to serve her expert reports to January 11, 2023 and the deadline for completion of expert discovery to March 22, 2023.  The Court also reminded Plaintiff that the Court's Individual Rules required extensions of deadlines to be made by letter motion at least two business days in advance of the deadline.

On February 23, 2023, Defendant advised the Court that Plaintiff had not in fact served proper expert reports from her three anticipated experts and that only one doctor, Dr. Arora, had prepared a narrative report.  Furthermore, Plaintiff's proffered experts referenced medical records not disclosed in discovery, including MRIs of Plaintiff's cervical and lumbar spine and other treatment records pertaining to her claimed injuries.  This necessitated follow-up by the Defendant, including third-party document requests, and a need to extend the time for Defendant to serve its rebuttal expert report.  The Court again extended the expert discovery deadline to April 21, 2023 and warned Plaintiff that it would not further extend deadlines given Plaintiff's continued failure to meet discovery deadlines and timely request extensions of deadlines.

On April 20, 2023, Plaintiff reported that Dr. Arora still had not produced all of the expert disclosure information required under Rule 26(a)(2) and that the deposition of Dr. Arora scheduled for April 18, 2023 did not in fact take place due to Plaintiff's counsel being ill. This necessitated yet another extension of the expert discovery deadline to May 22, 2023.

On May 22, 2023, Defendant reported that although Dr. Arora's deposition had been scheduled for May 16, 2023, Plaintiff cancelled the deposition on the afternoon of May 15 because her counsel was picking a jury in state court and had failed to provide an alternative date for the deposition notwithstanding several inquiries from defense counsel. Defendant also advised the Court that Plaintiff still had not provided all of the expert disclosures required under Rule 26(a)(2). In connection with these failures, Defendant requested a 45-day extension of the expert discovery deadline to July 6, 2023 so it could depose Dr. Arora. The Court granted the request and ordered Plaintiff to show cause why Plaintiff should not be sanctioned for discovery abuses, issuing a final warning that Plaintiff's continued failure to comply with discovery obligations and abide by Court orders would likely result in sanctions up to an including dismissal of the action. Plaintiff's counsel then fell on his proverbial sword seeking mercy for his client on the ground that he was otherwise engaged in trial and not able to attend Dr. Arora's deposition or promptly respond to defense counsel. The Court thereafter ordered Dr. Arora's deposition to take place by a date certain – the date was set for June 28, 2023.

On the afternoon of June 27, 2023, Plaintiff advised Defendant that Dr. Arora was not available on June 28. Defendant agreed to reschedule the deposition to July 17, 2023 and requested another extension of the deadline to complete expert discovery to July 21, 2023.

5

The Court granted the extension and stated that Plaintiff would be precluded from relying on Dr Arora if the deposition did not take place on July 17.

On July 19, 2023, Defendant advised the Court that Dr. Arora refused to sit for a full day of deposition and had provided only 1.5 hours of testimony. It requested permission to move for sanctions, leading to the instant motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(b) provides for the imposition of sanctions for failure to comply with discovery obligations and court orders regarding discovery. When a court has ordered a deponent to be sworn or to answer questions, failure to comply may be treated as contempt of court. Fed. R. Civ. P. 37(b)(1). Additionally, if a party fails to obey on order to provide or permit discovery in accordance with a court's scheduling order or other discovery order, the rule provides that the court may "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," among other sanctions. Fed. R. Civ. P. 37(b)(2)(A); *see also Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991) (recognizing that preclusion of evidence at trial can be an appropriate sanction for discovery abuses); *BMS Ent./Heat Music LLC v. Bridges,* 2005 WL 2482493, at *4 (S.D.N.Y. Oct. 7, 2005) (precluding expert witness testimony under Rule 37(b)). The rule also requires the court to impose reasonable expenses, including attorney's fees, caused by the discovery abuse, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C).

Federal Rule of Civil Procedure 16(f) similarly provides for sanctions on a party who fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(C). It authorizes the same sanctions described under Rule 37(b)(2)(A)(ii-vii) as well as payment of reasonable expenses incurred because of the discovery violations. Fed. R. Civ. P. 16(f).

Notably, the Court may impose sanctions on its own or pursuant to a motion for discovery abuses and failure to comply with court orders. *Id.*; 37(b)(2).

The Court has considerable discretion when imposing sanctions for discovery abuses. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006). Still, when fashioning sanctions, the Court must be mindful of the purpose of the sanctions, which is "(1) to ensure that a party will not benefit from its failure to comply; (2) to obtain compliance with the Court's orders; and (3) to deter noncompliance, both in the particular case and in litigation in general." *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 319 F.R.D. 122, 126 (S.D.N.Y. 2016) (citations omitted). Further, the sanctions must be "just" and "relate to the particular claim to which the discovery order was addressed." *Daval Steel Prod.*, 951 F.2d at 1366 (citation omitted).

Factors that inform the Court's determination of an appropriate sanction include, without limitation, "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (citations omitted). Not all of these factors must be met to merit sanctions under Rule 37 or Rule 16, and a finding of willfulness or bad faith is not required. *Id*.

7

When, as here, the party moving for sanctions requests preclusion of fact or expert witness testimony, the Court must consider "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 269 (2d Cir. 1999) (citing *Softel, Inc. v. Dragon Med. & Scientific Comms., Inc.*, 118 F.3d 955, 961-63 (2d Cir. 1997); *see also Kyoei Fire & Marine Ins. Co. v. M/V Mar. Antalya*, 248 F.R.D. 126, 158 (S.D.N.Y. 2007).

## ANALYSIS

Here, in light of Plaintiff's repeated failures to meet Court-imposed deadlines and follow court orders notwithstanding warnings by the Court, the sanction of preclusion of Dr. Arora is warranted.

Plaintiff violated several of the Court's scheduling and pre-trial orders. These include failing to comply with court orders to produce all information required by Rule 26(a)(2) within set deadlines, including deadlines extended for Plaintiff's benefit, in the court's discretion, *nunc pro tunc*; failing to identify experts within pre-established deadlines; failing to produce underlying medical records pertaining to Plaintiff's alleged injuries within the fact discovery deadlines; repeatedly cancelling the deposition of Plaintiff's expert at the last minute; and failing to produce her expert by Court-ordered deadlines. Plaintiff's flagrant disregard for Court orders continued even after warnings by the Court. Plaintiff's conduct caused undue delays in this case and burdened Defendant, who had to incur time and costs to get clarification as to Plaintiff's experts, chase down medical records from providers who should have been disclosed

at the beginning of the case, prepare and re-prepare for Dr. Arora's deposition, and repeatedly write to the Court regarding Plaintiff's failure to cooperate in discovery. *See Reilly*, 181 F.3d at 269 (affirming preclusion of witness testimony because, *inter alia*, plaintiff "would have been prejudiced by the fact that he did not have an opportunity to depose" those witnesses). Defense counsel also was required to set aside four separate full days for the deposition of Dr. Arora, three of which were cancelled by Plaintiff with less than a day's notice, and one of which was adjourned after less than two hours of testimony.

Plaintiff has offered no acceptable excuse for this conduct. Other professional commitments and what amounts to a shoulder shrug when asked why Plaintiff could not produce her own witness are not sufficient excuses. *See, e.g.*, *GMG Transwest Corp. v. PDK Labs, Inc.*, 2011 WL 704023, at *1 (E.D.N.Y. Feb. 13, 2011) (rejecting counsel's argument that his "multiple professional and personal commitments" justified his noncompliance with court orders as "not a sufficient excuse"); *Perez v. Edwards*, 2023 WL 2267376, at *4 (S.D.N.Y. Feb. 28, 2023) (finding it "insufficient for Plaintiff's counsel to blame its own performance and ask that Plaintiff herself not be penalized" because "[p]arties are bound by the acts—or failure to act—by their lawyers"). Additionally, Plaintiff's excuse that counsel could not "strap" Dr. Arora to a chair and force him to sit for his deposition is without merit, because an expert witness is "under [the] control" of the retaining party. *Brown v. Coleman*, 2008 WL 5215889, at *1 (S.D.N.Y. Dec. 9, 2008). This, coupled with continued non-compliance in the face of warnings, indicates willful noncompliance with discovery rules and court orders. *Sony BMG Music Ent. v. Thurmond*, 2009 WL 4110292, at *2-3 (E.D.N.Y. Nov. 24, 2009) ("It is [] well-settled that

significant and repeated discovery violations warrant the imposition of sanctions" and demonstrates willfulness).

Moreover, Plaintiff's period of non-compliance has persisted over a long period of time; indeed, throughout the case and even after warnings. For these reasons, the Court finds a lesser sanction, such as further extensions of deadlines and imposition of costs, is not appropriate because Plaintiff has failed to comply with extended deadlines, ignored warnings and claimed an inability to control her own expert to ensure appearance at a deposition. *See Daval Steel Prod.*, 951 F.2d at 1366; *see also Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 707-08 (1982) (affirming sanctions against petitioners, holding that petitioners had "ample warning that a continued failure to comply with the discovery orders would lead to the imposition of [] sanction[s]); *United States v. $188,911.00 in U.S. Currency*, 2005 WL 2446232, at *4 (S.D.N.Y. Oct. 4, 2005) (finding that lesser sanctions would not be effective due to repeated failures to comply with court orders); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.,* 2023 WL 3304287, at *12 (finding that lesser sanctions would not be effective where plaintiff "repeatedly and consciously failed to comply with three Court orders" and where plaintiff's conduct "significantly thwarted" resolution of its claims); *Chawla v. Metro. Oral Surgery Assocs., P.C.*, 2014 WL 4678023 (E.D.N.Y. Sept. 19, 2014) (imposing sanctions after party ignored warning and improperly ended deposition early).

While the Court appreciates that the sanction severely handicaps Plaintiff's case, the sanction arises solely from Plaintiff's own failures and is warranted for the reasons set forth above. *See Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc.*, 301 F.R.D. 31, 42 (S.D.N.Y.), *objections overruled*, 301 F.R.D. 47 (S.D.N.Y. 2014) (finding that preclusion of doctor's

declaration was the appropriate remedy notwithstanding the potential importance of the declaration where the exclusion resulted wholly from the plaintiff's own failures).

In sum, when considering all of the factors relevant to the imposition of sanctions under Rule 37(b)(2), the Court finds that preclusion of Dr. Arora's testimony is warranted.

## CONCLUSION

For the reasons set forth below, Defendant's motion for sanctions is granted. Plaintiff is precluded from relying on Dr. Arora in this action. Discovery in this case is closed. By October 12, 2023, the parties shall file a joint letter stating whether either party intends to file a dispositive motion, and if so, proposing a briefing schedule. If no motion practice is contemplated, the letter shall request a pre-trial conference. The letter shall also state whether the parties would like a referral to another magistrate judge for a settlement conference.

**The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 92.**

**SO ORDERED.**

Dated: October 5, 2023
       New York, New York

_Katharine H Parker_
KATHARINE H. PARKER
United States Magistrate Judge

11