UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLENE VADNAIS,

                    Plaintiff,

          -against-

UNITED STATES OF AMERICA,

                    Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/13/2024
```

**OPINION & ORDER ON MOTION
FOR SUMMARY JUDGMENT
1:21-CV-0012 (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

This Federal Tort Claims Act ("FTCA") case arises out of a motor vehicle accident that occurred on the Bruckner Expressway in the Bronx, New York. Presently before the Court is Defendant's motion for summary judgment. For the reasons set forth below, the motion is granted.

**FACTS[1]**

On October 2, 2019, Plaintiff Carlene Vadnais was at a complete stop in "bumper to bumper" traffic on the Bruckner Expressway when a United States Postal Service ("USPS") truck bumped into Plaintiff's car, a 2014 Toyota Camry, from behind while the truck driver was attempting to change lanes. (56.1 Stmt. ¶¶ 1-5.) Plaintiff was taken to the hospital by ambulance complaining of neck and back pain, right foot pain, and left shoulder pain. (56.1 Stmt. ¶¶ 6-7.) CT scans were taken of Plaintiff's head and cervical, thoracic, and lumbar spines. Additionally, X-rays were taken of Plaintiff's chest, left shoulder and right foot. None of these

---

[1] The facts included herein are undisputed and taken from the Defendant's Rule 56.1 statement ("56.1 Stmt") and evidence submitted in connection with the motion.

images revealed any acute injuries to any part of Plaintiff's body.  Accordingly, Plaintiff was discharged from the hospital.  (56.1 Stmt. ¶¶ 9-10.)

Commencing November 4, 2019, Plaintiff did physical therapy at Physical Medicine and Rehabilitation of New York and saw an orthopedist and a doctor for pain management, primarily for complaints related to her neck and back.  (56.1 Stmt. ¶¶ 11-14.)

It is undisputed that Plaintiff has a long history of accidents and injuries to her back, neck, side, and shoulders prior to the October 2, 2019 accident.  The following is a summary of all of the prior accidents and injuries.  On July 14, 2013, Plaintiff drove her vehicle into a ditch as a result of brake failure, after which she went to the hospital and was diagnosed with cervical strains.  (56.1 Stmt. ¶ 22.)  On February 3, 2015, Plaintiff went to the hospital complaining of neck pain and dizziness.  (56.1 Stmt. ¶ 23.)  On March 8, 2016, Plaintiff went to the hospital after having fallen down the stairs complaining of pain in the left side of her body.  (56.1 Stmt. ¶ 24.)  On April 4, 2016, Plaintiff went to the hospital after being rear ended by a car complaining of neck pain.  (56.1 Stmt. ¶ 25.)  On September 14, 2016, a chair Plaintiff was sitting in broke, and she fell backwards and hit her head.  As a result, she again went to the hospital and was referred to physical therapy.  (56.1 Stmt. ¶¶ 26-27.)  On July 15, 2018, Plaintiff was in another car accident and went to the hospital complaining of head, neck, and shoulder pain on her right side.  She later did physical therapy for those injuries.  (56.1 Stmt. ¶¶ 28-29.)  On August 8, 2018, and October 9, 2018, Plaintiff went to the hospital again complaining of continued headache, neck and back pain, dizziness and ringing in her ears from the July 2018 car accident.  (56.1 Stmt. ¶¶ 28-31.)  Doctors performed a nerve study which showed left L4

radiculopathy.  (56.1 Stmt. ¶ 32.)  Plaintiff continued to complain of ongoing neck and back pain

through April 2019 stemming from the 2018 car accident.  (56.1 Stmt. ¶ 33.)

In sum, Plaintiff was in five serious accidents in the six years prior to the accident at issue

in this case.  These accidents affected her head, neck, back, and left and right sides and

shoulders and caused continuing pain, headaches, dizziness and ringing in the ears.  She

received multiple tests, physical therapy, and other treatment for these injuries.[2]

Not surprisingly, radiographic images of Plaintiff's cervical and lumbar spine taken

shortly after her August 2018 accident -- *before the accident at issue in this case* -- showed

various disc bulges.  What is notable for this case is that radiographic images of Plaintiff's

cervical and lumbar spine taken one month after the 2019 accident at issue in this case showed

the exact same degenerative changes to Plaintiff's spine as present a year earlier.  (56.1 Stmt.

¶ 34-39, 62-64; Fischer Declaration ("Fischer Decl.") 4.b, Exh. B (Fischer expert report) at 11.)

The Government's expert, Dr. Charla Fischer, who evaluated all of Plaintiff's medical records and

conducted an independent medical exam of Plaintiff, opined that Plaintiff has no evidence of an

acute trauma of the spine after the October 2, 2019 accident. ( 56.1 Stmt. ¶¶ 59, 61.)  Dr.

Fischer diagnosed Plaintiff with pre-existing and established cervical and lumbar disc

degeneration and temporary aggravation of pre-existing cervical and lumbar disc degeneration,

which has resolved.  (56.1 Stmt. ¶ 60.)  Dr. Fischer also opined that to a reasonable degree of

---

[2]  After the accident at issue in this case, Plaintiff was in yet another car accident.  On September 1, 2022, Plaintiff was sitting in a parked car when another car hit her.  She again went to the emergency room of a nearby hospital complaining of neck and back pain.  (56.1 Stmt. ¶ 18.)  CT scans and MRIs were taken of her cervical and thoracic spine, after which she was discharged.  (*Id*.)

medical certainty, the car accident on October 2, 2019 did not cause Plaintiff to sustain any

acute injuries to her cervical or lumbar spine.  (Fischer Decl. ¶¶ 4.b, 4.c, Exh. B at 11-12.)

Plaintiff's foot injury is the only new injury allegedly resulting from the accident in this

case.  Plaintiff testified in her deposition that when the accident occurred, her foot was on the

brake and got stuck under the pedal.  However, as noted above, X-rays taken after the accident

showed no acute injury to the foot and Plaintiff was discharged from the hospital.  When

deposed, Plaintiff described her foot pain as being related to arthritis in her foot.  (ECF 109-3,

Vadnais Dep. Tr. 8:23-25, 135:13-25.)  Although she later saw doctors about her foot pain,

Plaintiff refused achilles[3] and Babinski's[4] reflex tests on her right ankle and foot.  (ECF 110-2 p.

5.)  Other submissions from her lawyer suggest that Plaintiff had multiple problems with her

foot including a spur of the first metatarsal with sesamoids, hallux valgus, and other

abnormalities.[5]  (ECF No. 109-2 pp. 10-11.)

Plaintiff offers no expert testimony tying the October 2, 2019 car accident to any of the

injuries she is claiming in this suit.  This is because the Court excluded her one expert, Dr. Jason

Arora, after repeated discovery violations, disregard of Court Orders, and failure to comply with

Federal Rules of Civil Procedure 26(a)(2)(B) and (b)(4)(A).[6]  (ECF No. 97.)

---

[3]  An achilles test can diagnose tendon ruptures.  https://my.clevelandclinic.org/health/diagnostics/thompson-test-for-achilles-tendon-rupture.

[4]  The Babinski test evaluates the integrity of the corticospinal tract and can be indicative of a spinal cord injury after acute trauma. https://www.ncbi.nlm.nih.gov/books/NBK519009/.

[5]  Bone spurs and arthritis in this area of the foot can be caused by excess weight (Plaintiff is 5'4" and 226 pounds) and constant pressure to the joint, including from wearing high heels or tight-fitting shoes.  (ECF 109-11 p. 29, https://www.columbiaortho.org/patient-care/specialties/foot-and-ankle/conditions-treatments/first-toe-arthritis.)  Hallux valgus is a deformity of the foot, also known as a bunion, which also can be caused by wearing improperly fitting shoes.  https://www.ncbi.nlm.nih.gov/books/NBK553092/.

[6]  Although the Court does not consider Dr. Arora's report in determining this motion, it notes that Dr. Arora did not purport to offer any opinion regarding Plaintiff's foot injury; rather, he assessed Plaintiff's neck and spine and upper extremities.  Further, he did not review any medical records from 2014 up to the date of the accident in

**LEGAL STANDARD**

"Summary judgment is warranted if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (quoting Fed. R. Civ. P. 56(c)).  A fact is "material" if "it might affect the outcome of the suit under the governing law." *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene*, 746 F.3d 538, 544 (2d Cir. 2014) (quotation marks and citation omitted).

"It is the movant's burden to show that no genuine factual dispute exists." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).  However, "[w]hen the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." *Simsbury-Avon Pres. Club, Inc. v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009).  Accordingly, summary judgment for the defendant is appropriate where the evidence in support of the plaintiff's case is "so slight" that a jury, considering the record as a whole, cannot reasonably find for the plaintiff. *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994) (citation omitted).

In deciding the motion, the Court must resolve all ambiguities and draw all inferences in favor of the nonmoving party. *Jeffreys*, 426 F.3d at 553.  However, a mere "scintilla of evidence" in support of the nonmoving party's position is insufficient to defeat summary judgment; rather,

---

this case and appeared to be completely unaware of the multiple accidents and treatment Plaintiff received for her multiple accidents that occurred before the accident in this case.  (ECF 109-21.)

"there must be evidence on which the jury could *reasonably* find" for the nonmoving party.  *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). "[S]peculation and conjecture" are not sufficient to preclude the granting of the motion.  *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001).

### DISCUSSION

Courts look to governing state law when assessing negligence claims brought against the federal government under the FTCA.  *Liranzo v. United States*, 690 F.3d 78, 86 (2d Cir. 2012) (citing 28 U.S.C. § 1346(b)(1)).  Thus, New York substantive law governs in this case, because the accident at issue occurred in New York.  28 U.S.C. § 1346(b)(1).

Under New York law, to establish a prima facie case of negligence, a plaintiff has the burden to demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach of the duty, and (3) injury to the plaintiff proximately resulting from the breach.  *Dooley Iv. United States*, 83 F.4th 156, 162 (2d Cir. 2023) (citing *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333 (1981)).

Under New York law, expert testimony is required to establish the causation element of a negligence claim arising from a motor vehicle accident in order for a plaintiff to recover damages for non-economic loss related to a personal injury allegedly sustained in the accident. *Rhone v. United States*, 2007 WL 3340836, at *6 (S.D.N.Y. Nov. 9, 2007) (citing *Carter v. Full Service, Inc.*, 29 A.D.3d 342, 344 (1st Dep't 2006)).  Additionally, to survive summary judgment for noneconomic loss, a plaintiff must raise a genuine dispute of material fact as to whether she suffered a "serious injury" as a result of the car accident.  *Watson-Tobah v. Royal Moving & Storage, Inc.*, 2014 WL 6865713, at *11, 17 (S.D.N.Y. Dec. 5, 2014) (citing N.Y. Ins. Law

§ 5104(a)).  A "serious injury" is defined, in relevant part, as a "permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for" at least ninety day in the one hundred and eighty days immediately following the injury.  N.Y. Ins. Law § 5102.  Expert testimony also is required to establish a serious injury.  *Rhone*, 2007 WL 3340836, at *6 (citing *Carter*, 29 A.D.3d at 344).  Because this Court excluded Plaintiff's one expert, it evaluates the motion without that expert.  *Potter v. United States*, 2020 WL 2836440, at *3 (S.D.N.Y. May 30, 2020) (citation omitted) ("If a court excludes expert evidence . . . it must [] 'make the summary judgment determination on a record that does not include that evidence.'").

In this case, the government has satisfied its burden of showing that there are no material facts in dispute and that it is entitled to judgment as a matter of law.  In particular, it has offered the expert opinion of Dr. Fischer who opined that Plaintiff's post-accident MRIs showed "no evidence of new or acute changes" to Plaintiff's neck or spine, that the injuries Plaintiff claims are attributable to pre-existing conditions, and that any aggravation of those pre-existing conditions has resolved.  (Fischer Decl., Exh. B.)  Further, the government points to medical records showing that all of the MRIs and X-rays taken immediately after the accident showed no acute injuries, suggesting that the accident in 2019 did not cause serious injury and was not the cause of Plaintiff's injuries.

In contrast, Plaintiff offers no expert opinions to show that she suffered a "serious injury" within the meaning of New York law or that the injuries she claims were proximately

caused by the 2019 accident (as opposed to prior accidents or pre-existing conditions).  As

discussed above, absent an expert to demonstrate these critical components of her claim,

summary judgment must be granted in favor of Defendant.  *Alim v. United States*, 2023 WL

2929380, at *20 (S.D.N.Y. Apr. 13, 2023) (citing *Watson-Tobah*, 2014 WL 6865713, at *14) ("A

plaintiff's self-serving testimony 'is insufficient as a matter of law to raise a triable issue of

proximate causation'" in a motor vehicle accident case); *Rhone*, 2007 WL 3340836, at *4

(quoting *Cruz v. Pritt*, 2000 WL 224106, at *3 (S.D.N.Y. Feb. 28, 2000)) ("In order to defeat

summary judgment, plaintiff must rely on more than 'subjective complaints of pain' and must

substantiate [her] claim with 'objective medical evidence.'").  Additionally, Plaintiff does not

argue, and has never asserted, that she has specific economic injuries such as lost wages that

are recoverable in this action.[7]

## CONCLUSION

For the reasons set forth above, Defendant's motion for summary is granted.  The Clerk

of Court is respectfully directed to terminate the motion at ECF No. 106, enter judgment for

Defendant, and close this case.

**SO ORDERED**.

Dated: March 13, 2024
       New York, New York

KATHARINE H. PARKER
United States Magistrate Judge

---

[7]  Under applicable law, a plaintiff must show that she suffered more than $50,000 in economic loss to recover for
any economic loss.  N.Y. Ins. Law 5102(a), 5104; *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000).